United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-60849
Summary Calendar

_____

LOUISE MCKENZIE,

Plaintiff - Appellant,

versus

RIVER REGION MEDICAL CORPORATION, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 3:99-CV-366)

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

In July 1998, the River Region Medical Corporation ("River Region") discharged Louise McKenzie from employment for allegedly racially harassing employees whom she supervised. McKenzie filed a suit against River Region, two supervisors, and Quorum Health Group, Inc. ("Quorum"), a company allegedly involved in the day-to-day operations of River Region. After her

---

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

termination, McKenzie alleged a variety of state and federal claims against the Defendants. The district court granted summary judgment to the Defendants. McKenzie appeals that ruling.

We are unable to reach the merits of McKenzie's arguments; her appellate brief precludes us from doing so. Federal Rule of Appellate Procedure 28(a)(9) states that an appellant's brief must contain an argument section with "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Based on Rule 28, this Court has on several occasions declined to consider the merits of a claim where an appellant's brief lacked "logical argumentation or citation to authority." *See, e.g., Alameda Films SA de CV v. Authors Rights Restoration Corp. Inc.*, 331 F.3d 472 (5th Cir. 2003); *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 532 (5th Cir. 1996); *Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888, 911 (5th Cir. 1994). We have noted that "it is not the function of the Court of Appeals to comb the record for possible error, but rather it is counsel's responsibility to point out distinctly and specifically the precise matters complained of, with appropriate citations to the page or pages in the record where the matters appear." *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1992).

The dearth of citation to the record, and the utter lack of references to evidence supporting McKenzie's claims constitute a violation of Rule 28(a)(9). McKenzie argues repeatedly that she submitted "credible" and "substantial" evidence in support of her claims, but then fails to specify the content of this evidence, much less where it can be located in the record. The scant references to the record identify only extraneous matters that fail to provide any logical argumentation. In the absence of an adequate brief, we must, and do, AFFIRM the district court's ruling.

2